UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

VLADIMIR Y. KOZUB,

    Petitioner,

v.

RICHARD IVES, Warden, FCI Sheridan,

    Respondent.

Case No. 3:16-cv-02216-AA

OPINION AND ORDER

AIKEN, District Judge:

    Petitioner, an inmate at the Federal Correctional Institution in Sheridan, Oregon, brings a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained below, this Court lacks jurisdiction to grant the relief petitioner seeks, and the petition must be dismissed.

## DISCUSSION

    Petitioner was born in the former Soviet Union and immigrated to the United States as a young adult. In 1998, he obtained refugee status and settled in Seattle, Washington. In 2016, petitioner was sentenced to 37 months' imprisonment following a conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The sentencing judge recommended that petitioner be allowed to participate in the Residential Drug Abuse Program (RDAP).

1   - OPINION AND ORDER

"RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems." *Reeb v. Thomas*, 636 F.3d 1224, 1225 (9th Cir. 2011); *see also* 28 C.F.R. § 550.53 (describing components and criteria of RDAP). The BOP created RDAP in response to a congressional directive "to create programs to treat substance abuse among inmates." *Peck v. Thomas*, 697 F.3d 767, 770 (9th Cir. 2012). To encourage participation in substance abuse programs such as RDAP, a prisoner convicted of a nonviolent offense "may be" eligible for a reduction in sentence of up to one year after successfully completing a treatment program. 18 U.S.C. § 3621(e)(2)(B); *Peck*, 697 F.3d at 770.

Petitioner alleges that an unlawful detainer filed against him by Immigrations and Customs Enforcement (ICE) denies him the opportunity to participate in RDAP and obtain early release. Petitioner maintains that the detainer is unlawful and requests that this Court issue an order removing the detainer and authorizing him to participate in RDAP.

Respondent maintains that petitioner's records do not reflect a detainer lodged against him and instead show a status of "IHP PEND," or "Institutional Hearing Program Pending." Vickers Decl. Ex. 3. According to respondent, this designation indicates that the inmate requires an IHP hearing or deportation decision and is not at a hearing site. Resp't Ans. at 2. Further, respondent contends that petitioner's records do not show that he is eligible for RDAP or that he has requested enrollment in the program. Vickers Decl. Ex. 4.

Under 28 U.S.C. § 2241, this Court may review habeas petitions of federal prisoners who are "in custody" as a result of federal law violations. Here, petitioner is "in custody" as a result of his criminal conviction, a conviction he does not challenge, rather than an ICE detainer or designation. Therefore, to the extent petitioner seeks judicial review of the alleged detainer or "IHP Pend" status, this Court lacks jurisdiction to review his claim. *See Bederian v. Apker*, 2017

WL 880416 at *1 (E.D. Cal. Mar. 6, 2017) (holding that a federal prisoner may not challenge an ICE detainer in a federal habeas action); *Dang v. Short*, 2016 WL 1070811 at *3 (D. Or. Mar. 16, 2016) (holding that the court lacked jurisdiction over a habeas claim challenging an ICE detainer based on the argument that the petitioner was "not deportable"); *Navarro v. Johnson*, 2016 WL 4435724 at *1 (C.D. Cal. Jan. 13, 2016) (holding that "a court must deny for lack of jurisdiction challenges to an ICE detainer, even when the detainer has assertedly caused the BOP to refuse to permit a prisoner to participate in RDAP").

Likewise, this Court lacks jurisdiction to review discretionary decisions regarding an individual prisoner's eligibility for RDAP or early release. The Ninth Circuit has explained:

> The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. *Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.*

*Reeb*, 636 F.3d at 1227 (emphasis added). Thus, to the extent petitioner challenges any decision excluding him from RDAP, the Court lacks jurisdiction to review such a decision.

## CONCLUSION

Petitioner's Motion Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and this case DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 8 day of August, 2017.

_____
Ann Aiken
United States District Judge

3   - OPINION AND ORDER